IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCO A.G., <br><br> Petitioner, <br><br> vs. <br><br> WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER, <br><br> Respondent. | Civil No. 1:26-cv-04292-MWJS <br> ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS <br><br> A# 201-581-295 |

**ORDER GRANTING PETITION FOR WRIT OF**
**HABEAS CORPUS**

Petitioner Franco A.G.[1] is an immigration detainee proceeding with a petition for

writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Dkt. No. 1.  He entered the country

without inspection on an unknown date and was encountered by immigration

authorities for the first time in March 2019.  Dkt. 10-1, at pgs. 2–3.

The Department of Homeland Security commenced removal proceedings against

Petitioner pursuant to 8 U.S.C. § 1229a, Dkt. No. 10-5, at pg. 2, and an immigration

judge ordered his release on bond in April 2019, Dkt. No. 10-3.  In 2023, Petitioner was

---

[1]    For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

arrested twice for driving with a suspended license—once by the Miami-Dade Sheriff's Office, and later by the Miami Police Department.  Dkt. No. 10-4, at pg. 5.

In February 2026, immigration authorities stopped a vehicle in which Petitioner was a passenger, and the authorities arrested and detained him.  Dkt. No. 10-1, at pg. 2. Petitioner now invokes this court's habeas jurisdiction arguing that his due process rights have been violated.  Dkt. No. 1, at pg. 2.

The court ordered Respondent to address the following four issues:  (1) whether Petitioner is subject to a final order of removal; (2) whether, in Respondent's view, Petitioner is subject to mandatory detention pursuant to any provision other than 8 U.S.C. § 1225(b)(2); (3) whether Petitioner was ever previously detained and released by immigration authorities; and (4) what were the circumstances surrounding any earlier bond hearing.  Dkt. No. 4.  The court appreciates Respondent's timely answer. Dkt. No. 10.

Respondent acknowledges that Petitioner is not subject to a final order of removal, and that Petitioner's sole bond hearing was in 2019.  Dkt. No. 10, at pg. 2. Although Respondent maintains that Petitioner's detention is lawful under 8 U.S.C. § 1225(b)(2)(A), he concedes that many judges have rejected this argument.  *Id.* at pg. 3; *see, e.g.*, *Guzman v. Andrews*, No. 1:25-cv-01015-KES-SKO (HC), 2025 WL 2617256, at *3–4 (E.D. Cal. Sept. 9, 2025) ("Having elected to proceed with full removal proceedings under § 1226, Respondents cannot now reverse course and institute § 1225 expedited

2

removal proceedings." (citation modified)).  The court has again considered these precedents and concluded that they reached the correct result based on the current state of Supreme Court and circuit precedent.  Section 1225(b)(2)(A) does not apply here, and Respondent acknowledges that no other mandatory-detention authority applies.  Dkt. No. 10, at pg. 2.

Respondent's only other argument is that Petitioner was "re-detained, in part, because he violated the conditions of his bond."  *Id.* at pg. 2.  Respondent bases this argument on Petitioner's 2023 two arrests for driving with a suspended license.  *Id.* at pg. 1.  As numerous other judges have concluded, however, while "DHS may revoke a noncitizen's bond . . . 'at any time' based on a change of circumstances, even if that individual has previously been released," "due process protections of the Fifth Amendment apply and require notice and an opportunity to be heard before a noncitizen's . . . bond is summarily revoked."  *Vega v. Warden*, No. 1:26-CV-03604-DC-SCR, 2026 WL 1536785, at *2 (E.D. Cal. June 1, 2026); *see also G.R.R. v. Hermosillo*, No. 2:26-CV-00097-GJL, 2026 WL 395268 (W.D. Wash. Feb. 12, 2026).  Respondent does not dispute that these requirements were not satisfied, and nothing in the current record suggests that a pre-deprivation hearing would have been impracticable here.  *See Vega*, 2026 WL 1536785, at *3.

Given the foregoing, Respondent is ORDERED to immediately release Petitioner Franco A.G. (A# 201-581-295) from his custody.  Respondent shall not impose any

3

additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing.  Respondent is permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing.  At any such hearing, the government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have their counsel present.  This order does not address the circumstances in which Respondent may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal, or in the event exigent or urgent circumstances arise that justify arresting and detaining Petitioner before pre-deprivation process can be provided.

The Clerk of Court is DIRECTED to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

DATED:  June 12, 2026, at Honolulu, Hawai'i.



/s/ Micah W.J. Smith
_____
Micah W.J. Smith
United States District Judge

Civil No. 1:26-cv-04292-MWJS; Franco A.G. *v. Warden, California City Immigration Processing Center*; ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS